IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JIMMIE CARL SCHIFFERER,

    Petitioner,

v.

JERI TAYLOR,

    Respondent.

Case No. 3:17-cv-00930-JO

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

JONES, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging a variety of Marion County convictions dated August 22, 2012. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

Petitioner sexually abused his two minor daughters for a period of years, leading the Marion County Grand Jury to indict him on one count of Rape in the First Degree, four counts of Sodomy in the First Degree, two counts of Sexual Abuse in the First Degree, and two counts of Using a Child in a Display of Sexually Explicit Conduct. Respondent's Exhibit 102. Upon the advice of counsel, Petitioner entered a no-contest plea as to the Rape charge and pled guilty to the remaining charges. Respondent's Exhibit 103. The Plea Petition did not contain an agreed-upon sentence, thus that issue was left open for argument.

At sentencing, the State asked the court to impose a 600-month sentence, while Petitioner's attorney advocated for a 130-month sentence. The sentencing judge adopted the State's position and imposed a 600-month sentence. Respondent's Exhibit 107, p. 20. Petitioner took a direct appeal, but subsequently dismissed the action voluntarily. Respondent's Exhibit 105.

Petitioner next sought post-conviction relief ("PCR") in Umatilla County, but the PCR Court denied relief. Respondent's Exhibit 135. The Oregon Court of Appeals affirmed that decision without issuing a written opinion, and the Oregon Supreme Court

denied review. *Schifferer v. Taylor*, 283 Or. App. 493, 389 P.3d 1186, rev. denied, 361 Or. 486, 395 P.3d 871 (2017).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on June 14, 2017 and raises two grounds for relief:

> (1) Trial counsel rendered ineffective assistance when he failed to: (a) negotiate a plea agreement; (b) request a settlement conference; and (c) bring favorable character witnesses to the sentencing hearing; and
>
> (2) The PCR judge was biased against Petitioner in violation of his right to due process.

Respondent asks the Court to deny relief on the Petition because the PCR Court reasonably determined that Petitioner was not entitled to relief on his Ground One claims, and because Ground Two is not cognizable in a habeas corpus proceeding and, even if that were not the case, is procedurally defaulted. Where Petitioner has not responded to Respondent's arguments in opposition to Ground Two or otherwise supported the claim with argument, the Court finds that Ground Two does not entitle him to habeas corpus relief. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims).

**DISCUSSION**

I. **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as

3 - OPINION AND ORDER

determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

///

## II. Analysis

Petitioner faults his trial attorney for his handling of the plea process and the sentencing proceeding. Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a

"doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

Petitioner asserts that trial counsel's performance fell below an objective standard of reasonableness when he failed to request a settlement conference or negotiate a plea agreement. He notes that counsel agreed during his PCR deposition that he should have requested a settlement conference. However, the prosecuting attorney submitted an Affidavit during the PCR action in which she stated:

> While settlement conferences do occur in Marion County occasionally, it is only when BOTH parties agree to one because both sides believe it would be beneficial. I likely would NOT have agreed to a settlement conference in this case because from the very start my recommendation was never going lower than 50 years.
>
> * * * * *
>
> This case was incredibly provable. There was no good reason to negotiate it beneficially to the defendant, beyond the restraint shown in the charging instrument. Thus, there would have been nothing for a Judge to negotiate. Fifty years was as low as I was ever going to go, and I distinctly remember staffing my recommendation with my sex crimes team. I was firm in my analysis that a 50-year prison sentence was the appropriate punishment in this case. In fact, I made it clear to [defense counsel] from the outset that I thought that [Petitioner] needed to die in prison.

Respondent's Exhibit 124, p. 1.

The PCR Court found there was "no evidence that a settlement conference would have been granted had one been requested," and stated that the governing statute "clearly" requires both parties

to consent to a settlement conference. Respondent's Exhibit 134, p. 38. Where the prosecutor was unwilling to participate in a settlement conference or compromise on the sentence, Petitioner is unable to establish prejudice from any failure on the part of his trial attorney to negotiate a plea agreement or request a settlement conference. The PCR Court's denial of Grounds 1(a) and 1(b) is therefore neither contrary to, nor an unreasonable application of, clearly established federal law.

Petitioner also faults trial counsel for not bringing character witnesses to the sentencing hearing. Counsel stated during his deposition that he could have produced such witnesses, but felt that "from the pre-sentence investigation and what the record was, it was pretty clear that [Petitioner] had been an upstanding person in his community in many different regards." Respondent's Exhibit 121, p. 106. He further provided:

> These are sometimes a double-edged sword . . . it's not uncommon for the judge to look at these folks and say, you've said some really nice things about [Petitioner] but none of you knew what he was doing to his daughters. And I sometimes found that trying to use this community approach can backfire because it illustrates the secretive nature, the double life, the secrecy.

*Id* at 107.

The prosecuting attorney bolstered this rationale in her affidavit:

> In my experience, letters from family and friends of sex offenders are never influential in sentencing decisions because, as certainly Judge Geyer knows, sex offenders pretend to be what they are not: good people,

>     and fool all those around them. Having
>     friends and family available in person to
>     speak would not have enhanced their influence
>     because it would simply emphasize that very
>     horrific abuse was going on for eight years
>     or more without their having any inkling as
>     to what was occurring and what the girls were
>     enduring.

Respondent's Exhibit 124, p. 4.

Given the sound strategic reasons for not introducing character witnesses at a sentencing proceeding, counsel's performance did not fall below an objective standard of reasonableness. Even assuming it did, he suffered no prejudice as a result where the testimonial impact of any such witnesses would have been negligible when contrasted with the clear evidence of long-term sexual abuse of multiple minor victims in this case.[1] Accordingly, the PCR Court's decision as to Petitioner's Ground 1(c) claim was a reasonable one, and Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 10th day of October, 2018.

_____
Robert E. Jones
United States District Judge

---

[1] Petitioner estimated that he molested his older daughter "between fifty and a hundred times." Respondent's Exhibit 126, p. 6.